# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA ELKIN,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY; and DOES 1 to 50, Inclusive,<br><br>    Defendants. | Case No. 2:16-cv-8703-DSF-AFM<br><br>**ORDER PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>Complaint Filed: October 5, 2016 |

1

# **ORDER OF CONFIDENTIALITY**

Good cause having been shown within the parties' Stipulation of Confidentiality of documents to be produced in this action (the "Stipulation"), the Court hereby orders that the handling of confidential, proprietary and/or trade secret documents or information in this case shall be governed by the terms of the Stipulation as follows:

This Court, having reviewed this Stipulation and Proposed Order Protecting Confidentiality of Documents and Information (the "Stipulation and Proposed Order") through the parties' respective counsel, being fully advised in the premises, and good cause appearing therefor, hereby orders that the Stipulation and Proposed Order is GRANTED, and enters the following Order Protecting Confidentiality of Documents and Information ("Protective Order") on the terms set forth below:

1. In this action, the Plaintiff, the Defendants and Long Term Care Group (collectively, the "Parties") anticipate producing and seeking production of CONFIDENTIAL INFORMATION (as defined in Paragraph 3 below) during discovery and that there will be questioning concerning CONFIDENTIAL INFORMATION in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests and to other individuals' privacy interests. The Parties request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of CONFIDENTIAL INFORMATION except as set forth herein.

## **SCOPE:**

2. This Protective Order governs the handling of all documents (within the meaning of Rule 34 of the Federal Rules of Civil Procedure), testimony and all other information, including copies, excerpts, and summaries thereof produced in this action.

300155703v1 0992591

**DEFINITIONS:**

3. For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" means any business, financial, personal and proprietary information that is not generally known to the public and that the "Producing Party" would normally maintain in confidence and not reveal to the general public, including any and all information protected by HIPAA, the HITECH Act, and regulations promulgated thereunder. Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION. The attorneys each agree not to designate material as "CONFIDENTIAL INFORMATION" unless he or she is satisfied that they can demonstrate good faith reasons for treating the information in this fashion. Notwithstanding the foregoing, CONFIDENTIAL INFORMATION does not include:

  (a) any information which at the time of disclosure is available to the general public;

  (b) any information which at the time of disclosure had already been furnished or produced to the Receiving Party outside the course of any proposed business relationship the Receiving Party may have had with the Producing Party; or

  (c) any information which (i) was already known to the Receiving Party from legitimate sources outside of any business relationship the Receiving Party may have had with the Producing Party, (ii) was independently developed by the Receiving Party, or (iii) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

Nothing in this Protective Order is intended either (1) to provide a party with a basis for a claim against an opposing party for disclosing to any non-party, prior to

3

the date of disclosure in this Action, any CONFIDENTIAL INFORMATION or (2) to supersede, usurp, or replace any confidentiality obligations owed by one party to the other party or to non-parties which may have existed prior to entry of this Order.

4. For purposes of this Protective Order, "Producing Party" means a party to this action or any non-party on behalf of which information is furnished or produced during the course of this action.

5. For purposes of this Protective Order, "Receiving Party" means a party to this action or any non-party to which information is furnished or produced during the course of this action.

6. The term "documents" shall have the same meaning as set forth in Rule 34(a)(1) of the Federal Rules of Civil Procedure.

**DESIGNATION OF INFORMATION:**

7. CONFIDENTIAL INFORMATION shall be designated as follows:

(a) Any Producing Party may stamp documents "CONFIDENTIAL" prior to production in this action.

(b) In the case of depositions, designation of the portion of the transcript, including exhibits, which contains CONFIDENTIAL INFORMATION, may be made by a statement to such effect on the record during the course of the deposition. Portions of deposition transcripts may also be designated as CONFIDENTIAL within 14 days after receipt of the transcript by counsel for the person whose CONFIDENTIAL INFORMATION was disclosed at the depositions by serving on all other parties to the action a letter designating by page and line number the portion or portions of the deposition transcript containing CONFIDENTIAL INFORMATION. Until the 14-day period has expired, the full deposition testimony and transcript shall be treated in its entirety as CONFIDENTIAL INFORMATION covered by the Protective Order.

When the CONFIDENTIAL INFORMATION designation is made with

4

respect to any portion of a deposition, the party making the designation shall direct the reporter attending such deposition to affix the appropriate confidentiality legend to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION.

8. If any transcripts of depositions, motions, briefs or other pleadings that are to be filed with this Court (a "Filing") include CONFIDENTIAL INFORMATION, such pleadings or other papers shall be filed under seal with this Court. This Protective Order does not govern use of confidential information at trial, and use of confidential information at trial shall be governed by orders of the trial judge. This Protective Order and the designation of material as "confidential" does not entitle the parties to file material under seal. The parties acknowledge the requirements of Civil Local Rule 79-5.2 and acknowledge that good cause to file under seal must be established by submission of competent evidence via declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged or otherwise protectable.

9. Designation of any documents, things, or information as CONFIDENTIAL INFORMATION renders confidential any originals, copies, excerpts, summaries, quotations or paraphrases of such materials by the Receiving Party.

10. All material which is designated by the Producing Party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, defense, or trial of this action.

11. Subject to the provisions of this Protective Order, CONFIDENTIAL INFORMATION shall not, without the consent of the Producing Party or further Order of the Court, be disclosed *except that* such CONFIDENTIAL INFORMATION may be disclosed to:

(a) attorneys actively working on this case;

5

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the parties' respective officers, directors, and employees whose assistance is required by the parties' respective attorneys for preparation, trial, or other proceedings in this case;

(d) consultants and expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) this Court and its employees ("Court Personnel");

(f) stenographic reports who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) copy or other document service providers hired to assist counsel in this litigation;

(i) mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial;

(j) any mediator specifically retained by the parties to mediate the case; and

(k) other persons by written agreement of the parties.

12. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed in Subparagraphs 11(d), (g), (h), (i), and (j) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A to this Protective Order stating that he or she has read this Protective Order and agrees to be bound by its provisions. All acknowledgments shall be retained by such counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

300155703v1 0992591

**EXCEPTIONS:**

13. The receipt of any document, thing, pleading, or response to any interrogatory designated as CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any party that any such document, thing, pleading, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

14. If the Receiving Party objects to the designation of certain information as CONFIDENTIAL INFORMATION, he or she shall inform the Producing Party's counsel, in writing, of the specific grounds of the objections to the designations. All counsel shall then in good faith and on an informal basis attempt to resolve such disputes. If the parties cannot resolve the dispute, the party disputing the confidentiality designation may file an appropriate motion with the Court at any time to deem the disputed material not confidential. The Producing Party shall have the burden of establishing the propriety of the designation.

15. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation.

16. Neither the taking of nor the failure to take any action to challenge any designation of CONFIDENTIAL INFORMATION pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim, or defense by any party in this action or any other action.

**INFORMATION INADVERTENTLY DISCLOSED**:

17. If a Producing Party inadvertently discloses to a Receiving Party any document, thing, or information containing information that the Producing Party deems CONFIDENTIAL INFORMATION without designating it as CONFIDENTIAL INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as

300155703v1 0992591

CONFIDENTIAL INFORMATION under this Protective Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

18. If the Producing Party inadvertently discloses to a Receiving Party information that is protected from disclosure because it is privileged or subject to the work product doctrine, the Producing Party shall promptly, upon discovery of such disclosure, so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or work product protection. It is further agreed that the Receiving Party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return of such item or items of information.

19. It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

20. If CONFIDENTIAL INFORMATION is disclosed in violation of this Order, the party who caused, permitted, or was otherwise responsible for the disclosure shall immediately inform the other party to this action of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any CONFIDENTIAL INFORMATION in violation of this Order.

300155703v1 0992591

**TERMINATION OF LITIGATION OR SETTLEMENT:**

21.     Within 90 days of the conclusion or final settlement of this action and any appeal, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION; except that counsel for the parties may retain in their files, subject to their usual document retention and destruction policies, an archival copy of the production documents, deposition transcripts, deposition exhibits, Court filings and attorney work-product containing CONFIDENTIAL INFORMATION, which materials will otherwise remain subject to this Protective Order.  The parties shall notify and advise the producing party whether they plan to destroy or assemble and return to the producing party the CONFIDENTIAL INFORMATION.  If a party elects to destroy any information that constitutes "protected health information" within the meaning of HIPAA, the HITECH Act, and regulations promulgated thereunder and CONFIDENTIAL INFORMATION within the meaning of this Stipulation and Proposed Order ("PHI-CONFIDENTIAL INFORMATION"), then such destruction will be in accordance with HIPAA, the HITECH Act, and regulations promulgated thereunder.  If a party elects to retain any PHI-CONFIDENTIAL INFORMATION in accordance with that party's document retention policies, then such retention will be in accordance with HIPAA, the HITECH Act, and regulations promulgated thereunder.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION:**

22.     Nothing in the foregoing provisions of the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or

300155703v1 0992591

other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION BY NON-PARTIES:**

23. The production of any CONFIDENTIAL INFORMATION by non-parties shall be subject to all the terms and conditions of this Protective Order. Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION to individuals or businesses other than those set forth herein.

**OBLIGATIONS OF PARTIES**:

24. The parties are prohibited from using or disclosing PHI-CONFIDENTIAL INFORMATION for any purpose other than this case.

25. If another court, administrative agency, or any person or entity subpoenas or orders production or disclosure of CONFIDENTIAL INFORMATION which a party has obtained under the terms of this Protective Order, such party shall within three (3) business days notify in writing the Producing Party (either directly or through counsel) who produced the CONFIDENTIAL INFORMATION of the pending subpoena or order. Nothing in this Protective Order shall be construed as prohibiting production of CONFIDENTIAL INFORMATION covered by this Protective Order in response to a lawful subpoena or Court Order.

26. Each of the parties named above and their counsel of record undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

27. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION in a manner not specifically authorized under

10

300155703v1 0992591

this Protective Order.

28. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of any party or person with respect to any CONFIDENTIAL INFORMATION. The fact that any materials have been designated CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. The fact that materials are designated as CONFIDENTIAL INFORMATION pursuant to the Protective Order shall not affect what a trier of fact in this litigation or any other proceeding may find to be confidential or proprietary.

**EFFECT OF ORDER:**

29. This Protective Order shall remain in full force and effect unless modified by an Order of the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

30. Stipulations may be made, between counsel for the respective parties and Producing Parties, as to the application of this Protective Order to specific situations (*e.g.,* documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.

This Court shall retain jurisdiction over this Protective Order and the parties for purposes of enforcing the terms of this Order.

Dated: 7/10/2017

_____
ALEXANDER F. MACKINNON
U.S. MAGISTRATE JUDGE

300155703v1 0992591

## **EXHIBIT A**

The undersigned _____ (print or type name of person) hereby acknowledges that he or she received a copy of the ORDER PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION ("PROTECTIVE ORDER") entered in the case entitled *Dina Elkin v. New York Life Insurance Company*, Case Number 2:16-cv-8703-DSF-AFM, pending in the United States District Court for Central District of California, has read the PROTECTIVE ORDER, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the Court for the purpose of enforcement of the terms of the PROTECTIVE ORDER.

Dated:_____        _____
                                                         [Signature]

                                          _____
                                          _____
                                          _____
                                                         [Address]